■ BAUMANN REALTORS, INC., Appellant, v FIRST COLUMBIA CENTURY-30, LLC, et al., Respondents. [978 NYS2d 563]—

Memorandum: Plaintiff commenced this action alleging that defendant First Columbia Century-30, LLC (Columbia) breached a broker commission agreement with plaintiff, that defendant HealthNow New York, Inc. (HealthNow) tortiously interfered with that agreement and that, as a result of such breach and tortious interference, plaintiff sustained damages as a third-party beneficiary of a lease. Defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (1), and Supreme Court granted the motion. We reverse.

Pursuant to a 2001 broker commission agreement, Columbia recognized plaintiff as "the exclusive leasing agent" for HealthNow and agreed to pay plaintiff a commission "for the initial term of the lease" and an additional commission if HealthNow "renew[ed] or extend[ed] the term of the lease." Thereafter, in 2001, HealthNow and Columbia entered into a 10-year lease with an option to renew for two five-year terms "upon all of the [same] terms and conditions" if HealthNow provided notice of renewal a year "prior to expiration of the then current term." In 2011, HealthNow, using its own broker, entered into a new lease with Columbia that contained different terms and conditions and purportedly superseded the 2001 lease.

"On a motion to dismiss pursuant to CPLR 3211, pleadings are to be liberally construed . . . The court is to accept the facts as alleged in the [pleading] as true . . . [and] accord [the proponent of the pleading] the benefit of every possible favorable inference" (*Ramos v Hughes*, 109 AD3d 1121, 1122 [2013] [internal quotation marks omitted]). A motion to dismiss pursuant to CPLR 3211 (a) (1) will be granted if the documentary evidence "resolves all factual issues as a matter of law, and conclusively disposes of the [plaintiff's] claim[s]" (*Wells Fargo Bank, N.A. v Zahran*, 100 AD3d 1549, 1550 [2012], *lv denied* 20 NY3d 861 [2013] [internal quotation marks omitted]).

Contrary to the court's conclusion, the documentary evidence does not conclusively establish as a matter of law that the 2011 lease was a new lease, as opposed to a renewal or extension of the 2001 lease. We conclude that plaintiffs are entitled to discovery on the issue whether the 2011 lease was a renewal or extension of the 2001 lease (*see Ernie Otto Corp. v Inland Southeast Thompson Monticello, LLC*, 91 AD3d 1155, 1157

[2012], *lv denied* 19 NY3d 802 [2012]; *cf. Stern v Satra Corp.*, 539 F2d 1305, 1310 [1976]). Present—Smith, J.P., Fahey, Carni, Valentino and Whalen, JJ.